# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. 2:19-CR-41-KS-MTP

**PERCY DONTAE SMITH, III**

## ORDER

On November 26, 2019, Defendant plead guilty to possession of five grams or more of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On June 16, 2020, the Court sentenced him to 188 months of imprisonment, followed by 5 years of supervised release.

On May 17, 2021, Defendant filed a Motion to Vacate [69] his sentence pursuant to 28 U.S.C. § 2255. He also filed a Motion to Proceed In Forma Pauperis [68]. Defendant's counsel filed a Response [72] on June 2, 2021. Now, Defendant filed a Motion [73] to hold his Motion to Vacate [69] in abeyance pending resolution of his previously filed Motion to Proceed In Forma Pauperis [68].

Defendant asserts that transcripts of his plea hearing and sentencing, as well as transcripts of his co-Defendant's plea hearing and sentencing, are essential to his claim of ineffective assistance of counsel, citing statements he allegedly made on the record during the hearings.

An indigent prisoner who has been granted IFP status can get free transcripts if the judge certifies that a transcript is necessary for his claims. 28 U.S.C. §§ 753(f),

2250. However, a prisoner is not entitled to free transcripts "solely because he is indigent or because he desires to prepare a petition seeking collateral relief." *United States v. Watson*, 61 F. App'x 919 (5th Cir. 2003). He must "demonstrate that the transcript is necessary for the proper disposition of his claims." *Id.* He "is not entitled to conduct a 'fishing expedition' to locate possible errors." *Id.* If his knowledge of his claims is sufficient to seek relief without a transcript, the Court need not provide them. *Id.*

Here, Defendant does not need transcripts to press his claim for relief under § 2255, as evidenced by the arguments and assertions presented in his motion and the signed declaration he obtained from his co-defendant. His motion seeking transcripts is vague as to how the transcripts would support his claim for relief, and the Court concludes that Defendant is merely seeking to embark on a fishing expedition for alleged errors in his proceedings. Therefore, his motion seeking transcripts at the Government's expense is **denied**. *See Watson*, 61 F. App'x 919; *Jeffers v. United States*, 2017 WL 4540964, at *2 (S.D. Miss. Oct. 11, 2017); *United States v. Medrano-Lopez*, 2009 WL 1651534, at *1 (S.D. Miss. June 12, 2009).

Accordingly, the Court **grants in part and denies in part** Defendant's Motion [73] to hold his § 2255 motion in abeyance. The Court declines to hold the motion in abeyance, but the Court will extend the deadlines for briefing. The Government shall file its response to Defendant's Motion to Vacate [69] on or before **June 28, 2021**. Defendant shall then file his reply on or before **July 6, 2021**.

SO ORDERED AND ADJUDGED this __18th__ day of June, 2021.

       /s/     Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE